UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>V.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Defendant.  ) | Civil Action No. 7: 06-123-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On June 15, 2004, Joshua Jones, while engaged as a member of the United States Marine Corps, was involved in an automobile accident which resulted in the deaths of David and Aaron Eldridge. Phyllis Eldridge, the guardian and administrator of the respective estates, subsequently settled and compromised her and the estate's claims against the government. In addition, the Plaintiff to this action, Kentucky Farm Bureau Mutual Insurance Company ("Farm Bureau"), paid basic reparation benefits and other damages pursuant to an insurance policy covering the decedent's vehicle.

On June 13, 2006, Farm Bureau filed this action after its efforts to settle its subrogation claims were unsuccessful. The matter is currently pending for consideration of the United States' motion to dismiss or to grant summary judgment in its favor. In support, the United States asserts that the Court lacks jurisdiction because Farm Bureau failed to make a proper demand for payment with the Department of the Navy pursuant to 28 U.S.C. §§ 2672 and 2675(a). Alternatively, even if the administrative claim had been timely filed, the United States

argues that Farm Bureau may not seek to recover basis reparation benefits in an action under the Federal Tort Claims Act. Farm Bureau disagrees with both arguments advanced by the United States.

Having considered the parties' respective positions, the Court concludes that, under the facts presented, Farm Bureau has properly presented an administrative claim for the amounts paid in subrogation. Notwithstanding this fact, Farm Bureau may not seek to recover payments for basic reparation benefits through this action. Accordingly, the United States motion will be granted, in part, and denied, in part.

**I.    FACTS**

The facts relevant to Farm Bureau's attempt to settle its subrogation claim with the United States Marine Corps are outlined in the documents attached to its response to the United States motion. [Record No. 7] Chronologically, these documents reveal the following communications:

- On July 27, 2004, Helen Fugate ("Fugate"), a Claim Adjuster for Farm Bureau, wrote to the United States Marine Corps' office in Hurricane, West Virginia, concerning its insured, David Eldridge. This letter outlined a subrogation claim of $14,696.72, representing loss or damage to the insured vehicle ($13,150.50), the insured's deductible ($500.00), and a rental payment ($1,046.22). [Record No. 7; Exhibit 1]

- On August 4, 2004, Staff Sargent Flatt, a Logistics Chief with the United States Marine Corps, apparently forwarded forms to Farm Bureau together with a note

indicating that the "form needs to be filled out and sent back to us so we can send it up through our proper channels to resolve the issue at hand." [Record No. 7; Exhibit 2]

- Approximately three and one-half months later, on November 24, 2004, Fugate forwarded a revised subrogation claim to the United States Marine Corps' Hurricane, West Virginia office. [Record No. 3]  This letter repeated the damages sought in its original letter, plus PIP payments of $21,000.00 to David and Aaron Eldridge.  This letter made no reference to the August 4, 2004, note from Sgt. Flatt.

- On March 7, 2005, Farm Bureau submitted a third letter to the Hurricane, West Virginia, office.  This letter advised that Farm Bureau's claim has been turned over to its Subrogation Unit.  The letter is signed by Beth Biegert ("Biegert"), a Subrogation Specialist, and again outlined a claim of $35,695.72.  In bold print, the letter also stated, "**please provide payment within 20 days or advise who I need to send my supports to.**" [Record No. 7; Exhibit 4]

- On January 5, 2006, Biegert submitted another letter to the Hurricane, West Virginia, Office.  Through this letter, she sought information concerning the current status of the claim and again asked for information concerning who was handling the matter on behalf of the Marine Corps. [Record No. 7; Exhibit 5]

- Notes from Farm Bureau's subrogation unit reflect a January 11, 2006, telephone call from "Stetson" of the Marine Corps.  This note indicated that Stetson

    requested that the front of the claim form be filled-out and returned so that the office could process the subrogation claim. [Record No. 7; Exhibit 6]

- A letter from Biegert to Phyllis Eldridge indicated that Farm Bureau forwarded a document for Eldridge's signature on January 17, 2006. [Record No. 7; Exhibit 7] The document forwarded to Eldridge [Record No. 7; Exhibit No. 8] is captioned Standard Form 95 and specifically requested information concerning the losses incurred by Farm Bureau's insureds.

- On February 17, 2006, Biegert forwarded the completed Standard Form 95 to Staff Sgt. Flatt at the Marine Corps' Hurricane, West Virginia, office. The letter specifically noted that, "since the collision statute is set to run June 15, 2006, if payment is not received before this time, I will have to forward the matter to our attorney in order to protect the statute."

- On May 9, 2006, counsel for Farm Bureau wrote to Staff Sgt. Flatt to advise that the matter had been turned-over for collection. Counsel further requested that Flatt advise of the Marine Corps' position.

## II.    STANDARD OF REVIEW

The present motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which allows a defendant to move for dismissal of a complaint if it fails to state a claim upon which relief can be granted. When analyzing the sufficiency of a complaint, the Court applies the principle that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). Further, courts must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Lillard*, 76 F.3d at 724 (quoting *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994)).

While a complaint need not specify every detail of a plaintiff's claim, it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Gazette*, 41 F.3d at 1064. Although liberal, this standard of review does require more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). A complaint must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis removed) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

The United States has also moved in the alternative for summary judgment. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

"Once a moving party has met its burden, 'its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.' " *Keeneland Ass'n, Inc. v. Earnes*, 830 F.Supp. 974, 984 (E.D.Ky. 1993), *citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415 (6th Cir. 2002).

Once the movant has satisfied this burden, the non-movant must go beyond the assertions made in the pleadings and come forward with specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits to support its claims. *Celotex*, at 324. However, the trial court does not have a duty to search the entire record to establish that it is bereft of any genuine issue of material fact. *In re Morris*, 260 F.3d 654 (6th Cir. 2002). Rather, the nonmoving party has an affirmative obligation to direct the court's attention to those specific portions of the record upon which it

seeks to rely to create genuine issues of material fact. *Id.* In making this determination, the Court must review all the facts and the inferences drawn from those facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Because the Court must rely on matters outside the pleadings to resolve the issues presented, it will consider the motion under Rule 56 of the Federal Rules of Civil Procedure.

### III. ANALYSIS

#### A. Jurisdictional Requirement

Title 28 of the United States Code, Section 2675(a) states that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

The Code of Federal Regulations defines the manner in which a claim should be presented to an agency for proper consideration. In relevant part, 32 CFR § 750.26 provides:

> (b) Claim presented by agent or legal representative. A claim filed by an agent or legal representative will be filed in the name of the claimant; be signed by the agent or legal representative; show the title or legal capacity of the person signing; and be accompanied by evidence of the individual's authority to file a claim on behalf of the claimant.
>
> (c) Proper claim. A claim is a notice in writing to the appropriate Federal agency of an incident giving rise to Government liability under the FTCA. It must include a demand for money damages in a definite sum for property damage, personal injury, or death alleged to have occurred by reason of the incident. The Attorney General's regulations specify that the claim be filed on a Standard Form 95 or other written notification of the incident. If a letter or other written

>notification is used, it is essential that it set forth the same basic information required on Standard Form 95. Failure to do so may result in a determination that the administrative claim is incomplete. A suit may be dismissed on the ground of lack of subject matter jurisdiction based on a claimant's failure to present a proper claim as required by 28 U.S.C. § 2675(a).
>
>(d) Presentment. A claim is deemed presented when received by the Navy in proper form. A claim against another agency, mistakenly addressed to or filed with the Navy shall be transferred to the appropriate agency, if ascertainable, or returned to the claimant. A claimant presenting identical claims with more than one agency should identify every agency to which the claim submitted on every claim form presented. Claims officers shall coordinate with all other affected agencies and ensure a lead agency is designated.

32 CFR § 750.26. As reflected in this CFR section, in addition to Standard Form 95, a letter or other written notification may be used to submit a claim if the document contains the necessary information. Likewise, this section allows mistakenly addressed or filed claims to be transferred to the appropriate agency.

In the present case, there is no indication that any of the letters addressed to the Marine Corps' Hurricane, West Virginia office were ever forwarded to the Department of the Navy. Therefore, it is not surprising that the United States has submitted an affidavit indicating that the Navy did not receive these materials. Likewise, during the entire time that Farm Bureau representatives corresponded with the Marine Corps' Hurricane, West Virginia office, there is no indication that the Plaintiff was advised to correspond with another person, bureau, agency or department. Instead, it appears that Farm Bureau was led to believe that it would forward documents and other materials "up through proper channels" if the appropriate forms would be filled-out and returned.

Notwithstanding the information contained in the documents submitted by the Plaintiff, the United States asserts that the Complaint should be dismissed because no administrative claim was submitted by Farm Bureau prior to the expiration of the two year statute of limitations. Although it acknowledges that the Marine Corps is a "component" of the Department of the Navy, it argues that Farm Bureau's claim should have been submitted to the Department of the Navy to be properly considered. In addition, it asserts that the claim in issue was not made by Farm Bureau but by Ms. Eldridge as reflected by the claim form referenced above. In view of the facts outlined above, the Court must reject both arguments.[1]

Any ambiguity in identifying Farm Bureau as the claimant in the required form is a direct result of the form utilized by the Marine Corps and the instructions apparently given by its representatives. In addition to and after submitting relevant information concerning its claim, Farm Bureau was asked to provide information concerning the decedent and have the form signed by the administrator of the estate of the deceased. While it is likely that the form is applicable in most situations, it would be improper here to allow the Defendant to demand what it now claims is inapplicable information and then rely upon that very information to assert that inaccurate information was submitted. Likewise, at all relevant times, Marine Corps representatives gave the Plaintiff the impression that it: (a) had the authority to handle Farm

---

[1] The Court has also considered whether the Plaintiff's Complaint properly asserts that an administrative claim has been submitted. Under the liberal pleading standards applicable to motions to dismiss, the Court believes that the allegations contained in paragraph 7 of Farm Bureau's Complaint to be sufficient. This paragraph asserts that "Farm Bureau . . . has demanded payment from the Defendant, United States of America, as is required by law and the Defendant has failed to pay the claim or otherwise advise as to its intentions." *See* Record No. 1.

Bureau's claim or (b) would forward the documentation to someone who had the authority to negotiate the claim.  (*See* August 4, 2004 letter from Staff Sargent Flatt summarized above.)

The Court notes that, in determining whether a proper claim was made, all materials submitted by Farm Bureau to the Marine Corps should be considered.  This includes the various correspondence as well as the supplemental information outlined on Standard Form 95.  Again, the fact that Standard Form 95 identified Eldridge, as opposed to Farm Bureau, as the claimant is the direct result of instructions provided by the Marine Corps.  Further, to accept this argument, the Court would be required to ignore the letters which clearly indicate that Farm Bureau was seeking subrogation for amounts paid to Eldridge.

The Court also rejects the United States' argument that the claim was never received by the Department of the Navy.  Where, as here, there is evidence that "a component" of the Navy (i.e., the Marine Corps) received adequate claim documents, receipt of those documents will be attributed to the Navy.  Having reviewed the documents submitted by Farm Bureau, the Court believes that a claim was properly submitted no later than February 17, 2006.

### B.     Claims Disallowed Under the Federal Tort Claims Act

In addition to the above argument, the United States contends that it is immune from *most* of Farm Bureau's subrogation claims. [Record No. 6] As an initial matter, it asserts that, the Federal Torts Claim Act constitutes a limited waiver of liability for torts, but not subrogation claims arising under state law.  It cites *Lafferty v. United States*, 880 F.Supp. 1121 (E.D.Ky. 1995), and *Young v. United States*, 71 F.3d 1238 (6th Cir. 1995), for this proposition.

In its response to this argument, Farm Bureau asserts that *Lafferty*, *supra*, does not support the United States argument. Instead, it contends that the *Lafferty* court held a similar claim to be grounded in tort and not barred by immunity. It also cites *City of Louisville v. State Farm*, 194 S.W.3d 304 (2006), as further support for its argument concerning the definition of a "secured person" under Kentucky's Motor Vehicle Reparations Act. The United States' reply to this argument notes that Farm Bureau fails to address the Sixth Circuit's holding in *Young v. United States*, *supra*. Having reviewed the relevant authorities cited by the parties, the Court must agree with the United States position regarding a portion of the benefits paid by Farm Bureau.

In *Young v. United States*, Judge Martin extensively reviewed a claim submitted under the FTCA in the context of Kentucky's no-fault automobile insurance statute. In that case, Grange Mutual Insurance Company had paid its insured $7,283.08 under a policy of insurance following a collision involving the insured and a mail truck. Under the policy, the insured held basic reparations benefits up to $10,000.00 in accordance with KRS § 304.39-020(2). Grange sought to intervene in the action to assert a statutory claim under KRS § 304.39-070(3) which allows the recovery of BRB payments from a secured tortfeasor. The Court was called upon to decide if such benefits could be recovered in subrogation.

In analyzing Kentucky's no-fault statute, the court concluded that United States did not fit into any of the three categories that would make it liable. Thus, it concluded that:

> Because the United States did not expressly opt inton the Kentucky no-fault scheme, the federal government does not qualify as "an obligated government" for subrogation purposes under the Kentucky Motor Vehicle Reparations Act. As

a sovereign, "the United States is immune from suit except to the extent that it has unequivocally consented to litigation against itself."

*Young*, 71 F.3d at 1244. Thus, the Court proceeded to determine the extent of the United States' waiver of immunity. And based upon the fact that Kentucky law, exempts government units from any responsibility to provide security for basic reparations benefits, the Court concluded that "the United States can only be held liable . . . for any recovery beyond $10,000 because the Kentucky no-fault statute abolishes tort liability to the extent that basic reparations benefits are available from . . . Grange." *Id.*

Finally, because the United States did not qualify as a "reparation obligor" for purposes of basic reparations benefits, the Court considered whether it could be considered an "unsecured party" falling outside the protections of the no-fault statute. However, because the Court concluded that the United States occupied a position similar to that of a "secured person" under KRS § 304.39-070(1), it concluded that liability did not apply for that reason. *Id.* at 1244-45. Accordingly, the Court concluded that,

> In Kentucky, an injured party who receives basic reparation benefits from his or her insurer has no cause of action against a "secured" driver of a vehicle that injured him or her, or the driver's employer, for the first $10,000 of basic reparation benefits paid out to that individual. Because the Motor Vehicle Reparations Act precludes basic reparation benefits recovery from secured tortfeasors, the United States is immune from the subrogation liability that Grange seeks.

*Id*. at 1246.

The Court has also reviewed the Supreme Court of Kentucky's holding in *City of Louisville v. State Farm*, 194 S.W.3d 304 (Ky. 2006), and concludes that it does not alter the

analysis set forth above. Further, to the extent its dicta is inopposite, this Court would still be bound by the Sixth Circuit's decision in *Young*, 71 F.3d 1238 (6th Cir. 1995).

### V. CONCLUSION

This Court has jurisdiction over the claims asserted in this action by Farm Bureau. However, Farm Bureau may not submit a subrogation claim for basic reparation benefits paid to its insureds under the Federal Tort Claims Act. Accordingly, it is hereby

**ORDERED** that the Defendant's motion to dismiss is **DENIED**. The Defendant's motion for summary judgment with respect to Farm Bureau's subrogation claim representing basic reparation benefits is **GRANTED**. Farm Bureau's claim for this item of damages is **DISMISSED** from this action. The motion for summary judgment regarding all remaining claims is **DENIED**.

This 19th day of October, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge